■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER L. GUAMAN, Appellant. [778 NYS2d 704]—Appeal by the defendant from an order of the Supreme Court, Westchester County (DiFiore, J.), dated April 3, 2003, which, after a hearing pursuant to Correction Law article 6-C, designated him a level II sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The defendant pleaded guilty to rape in the second degree and was assigned a presumptive risk level II sex offender designation (*see* Correction Law § 168-*l*). He contends that the court should have exercised its discretion and departed from this designation down to a risk level I (*see* Correction Law § 168-m).

Although a court is empowered to exercise its discretion and depart from the presumptive risk level based upon the facts in the record (*see Matter of Vandover v Czajka,* 276 AD2d 945 [2000]), utilization of the risk assessment instrument will generally "result in the proper classification in most cases so that departures will be the exception not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Terdeman,* 175 Misc 2d 379 [1997]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). There must exist clear and convincing evidence of the existence of special circumstance to warrant an upward or downward departure (*see People v Hampton,* 300 AD2d 641 [2002]; *People v Bottisti,* 285 AD2d 841 [2001]).

The factors alleged by the defendant do not warrant a departure. Accordingly, the court providently exercised its discretion in designating the defendant a level II sex offender (*see* Correction Law § 168-m).

The defendant's remaining contention is unpreserved for appellate review. Santucci, J.P., Schmidt, Rivera and Lifson, JJ., concur.