■ The People of the State of New York, Respondent, v Salvatore Inghilleri, Appellant. [799 NYS2d 793]—

Appeal by the defendant from an order of the County Court, Suffolk County (Gazzillo, J.), dated July 26, 2002, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is reclassified as a level two sex offender.

Contrary to the defendant's contention, the County Court properly denied his motion to preclude the People from participating in the risk assessment hearing. Although the District Attorney failed to provide the defendant with notice of his intent to seek an upward departure from the risk level recommended by the Board of Examiners of Sexual Offenders (hereinafter the Board) a full 10 days before the scheduled hearing as required by Correction Law § 168-n (3), the court granted the defendant an adjournment to prepare for the hearing. Under these circumstances, the defendant was afforded a meaningful opportunity to respond to the District Attorney's request for an upward departure (*cf. People v Davila*, 299 AD2d 573 [2002]; *People v MacNeil*, 283 AD2d 835 [2001]; *People v Neish*, 281 AD2d 817 [2001]).

However, the court erred in designating the defendant a level three sex offender. Although a court is empowered to exercise its discretion and depart from the presumptive risk level determined by the Risk Assessment Instrument based upon the facts in the record (*see People v Girup*, 9 AD3d 913 [2004]; *People v Guaman*, 8 AD3d 545 [2004]), "utilization of the Risk Assessment Instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman, supra,* quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary

at 4 [1997 ed]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Mount,* 17 AD3d 714 [2005]; *People v Girup, supra; People v Guaman, supra*). Furthermore, such a determination must be supported by clear and convincing evidence (*see People v Mount, supra; People v Guaman, supra*). Here, the Board determined that the defendant was a level one sex offender based upon the risk assessment instrument, but recommended that the defendant be classified as a level two offender because it anticipated that the People would present the court with evidence of the defendant's failure to fully accept responsibility for the offenses he committed against the victim, and of the existence of an additional victim or victims. The evidence which the People submitted at the hearing, which included reliable hearsay expressly permitted by statute (*see* Correction Law 168-n (3); *People v Brown,* 7 AD3d 595 [2004]), established the existence of these factors by clear and convincing evidence, and thus supported the Board's recommended departure to classify the defendant as a level two offender. This evidence did not, however, demonstrate that there were additional aggravating factors, not already taken into account by the risk assessment guidelines, which would warrant designating the defendant as a level three offender (*see People v Mount, supra*). Accordingly, the defendant must be reclassified a level two sex offender. S. Miller, J.P., Krausman, Fisher and Lifson, JJ., concur.