■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ZEHNER, Appellant. [804 NYS2d 852]—

Carpinello, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), rendered December 12, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1983, defendant, a former taxi cab driver, was convicted of rape in the first degree and sodomy in the first degree stemming from his sexual assault of a female passenger. Prior to his release from prison in 1997, defendant was classified as a risk level III sex offender pursuant to the Sex Offender Registration Act (see Correction Law art 6-C). He was granted early release from parole in 2003 and subsequently requested a redetermination hearing. The risk assessment instrument prepared for the redetermination hearing resulted in a presumptive risk level II classification. However, an upward departure was recommended by the People based on defendant's diagnosis of certain mental

illnesses. Following a hearing, County Court classified defendant a risk level III sex offender, citing his mental illnesses and threats made against the victim at the time of the offense as factors warranting the upward departure. Defendant appeals.

A sentencing court may, in its discretion, depart from the presumptive risk level where such a departure is supported by clear and convincing evidence in the record (*see People v Douglas*, 18 AD3d 967, 968 [2005], *lv denied* 5 NY3d 710 [2005]; *People v Hoppe*, 12 AD3d 792, 793-794 [2004]; *People v Dorato*, 291 AD2d 580, 580-581 [2002]). Based on this record, however, County Court's deviation from the presumptive risk level cannot stand. Although it is undisputed that defendant suffers from adjustment disorder with depression and a secondary diagnosis of schizoid personality disorder, the record is devoid of any evidence that these disorders are causally related to any risk of reoffense, that is, "make[ ] him . . . likely to engage in predatory sexually violent offenses" (Correction Law § 168-*l* [5] [a] [I]) or "indicate a risk of recidivism" (Correction Law § 168-*l* [5] [e]).* Additionally, since the threats made against the victim had already been taken into account in the risk assessment instrument, which assessed 10 points for the use of forcible compulsion, County Court improperly considered such threats as an aggravating factor (*see People v Mount*, 17 AD3d 714, 715 [2005]).

As a final matter, the alleged mitigating factors identified by defendant, including his poor physical health, have been considered and do not warrant a downward departure from the presumptive risk level.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as a risk level II sex offender under the Sex Offender Registration Act.

---

* County Court did not treat either disorder as an override, which in any event would have required "a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3 [Nov. 1997]), and which would "provide[ ] compelling evidence that an offender poses a serious risk to public safety" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [Nov. 1997]). Explicit examples of such a clinical assessment include pedophilia and sexual sadism (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 17 [Nov. 1997]).