■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURO VENTURA, Appellant. [807 NYS2d 609]—Appeal by the defendant from an order of the County Court, Suffolk County (Gazzillo, J.), dated May 26, 2004, which, after a hearing pursuant to Correction Law article 6-C, designated him a level two sex offender.

Ordered that the order is affirmed, without costs or disbursements.

"Utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Dexter,* 21 AD3d 403, 404 [2005], *lv denied* 5 NY3d 716 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri,* 21 AD3d 404, 406 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see People v Dexter, supra* at 404; *People v Guaman,* 8 AD3d 545 [2004]). There must be clear and convincing evidence of the existence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Inghilleri, supra* at 406; *People v Dexter, supra* at 404; *People v Guaman, supra*).

The County Court providently exercised its discretion in upwardly departing from the presumptive level one adjudication based upon aggravating factors not taken into account by the Risk Assessment Instrument (*see People v Dexter, supra; People v Baker,* 303 AD2d 570 [2003]).

The defendant's remaining contentions are without merit. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.