THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANNETTE HEGAZY, Appellant. [811 NYS2d 700]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Dowling, J.), dated June 8, 2004, which, after a hearing pursuant to Correction Law article 6-C, designated her a level three sex offender.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is reclassified as a level two sex offender.

In August 2000 the FBI was contacted by the defendant's estranged husband after he discovered child pornography on the defendant's computer and was unable to locate the defendant and their five year-old son. The defendant was eventually found with the child at a motel in New Hampshire.

In December 2000 the defendant pleaded guilty in federal court to the charge of conspiracy to receive child pornography that has been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer. She was sentenced in November 2003 to time served and two years' probation. She served 32 months in prison.

Upon the defendant's release, the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (Correction Law article 6-C, hereinafter SORA). The Board relied upon the findings of an FBI agent, who interviewed the defendant's son, to conclude that the defendant had been engaged in a continuing course of sexual misconduct against her son. The Board assessed the defendant 10 points for use of forcible compulsion, 10 points for sexual contact under clothing, 20 points for a continuing course of sexual misconduct, 30 points for sexual conduct with a victim under the age of 10, and 10 points for her post-offense failure to accept responsibility for her conduct. The total risk factor score of 80 resulted in a level two classification. The Board then recommended an upward departure to a level three classification based on the defendant "lead[ing] a very precarious life [where] scrutiny in the community should be of the highest nature."

In establishing the appropriate risk level classification under SORA, the prosecution bears "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Brown*, 7 AD3d 831, 832 [2004]). The evidence submitted by the People at the hearing established, by clear and convincing evidence, including reliable hearsay, the existence of facts sufficient to support the Board's determination that the defendant should be classified as a level two sex offender.

Generally a court will not depart from a presumptive risk classification unless "there exists an aggravating or mitigating factor of a kind or to a degree not otherwise taken into account by the guidelines" (*People v Inghilleri*, 21 AD3d 404, 406 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). Since there was no evidence indicating the existence of an aggravating factor, there should be no departure from the defendant's presumptive classification as a level two sex offender.

The defendant's remaining contentions are without merit. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.