■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONZO FORNEY, Appellant. [812 NYS2d 143]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Chambers, J.), dated October 17, 2003, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court failed to set forth "the findings of fact and conclusions of law" upon which its risk assessment determination was made, as required by Correction Law § 168-n (3). However, this Court may make its own findings of fact and conclusions of law, where, as here, the record is sufficient to do so (*see People v Villane,* 17 AD3d 336 [2005]).

The prosecution presented clear and convincing evidence to support the upward departure from a presumptive level two classification to the level three classification recommended by the New York State Board of Examiners of Sex Offenders (hereinafter the Board). Although "[u]tilization of the risk assess-

ment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Ventura*, 24 AD3d 527, 527 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Hines*, 24 AD3d 524 [2005]; *People v Dexter*, 21 AD3d 403 [2005]), a departure from the presumptive risk level is warranted where an aggravating factor exists which is "not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see People v Ventura, supra; People v Hines, supra; People v Dexter, supra*). Contrary to the defendant's contention, the evidence presented at the hearing, which included the case summary prepared by the Board, provided clear and convincing evidence that an aggravating factor exists in this case which was not fully taken into account by the Risk Assessment Instrument (*see People v O'Flaherty*, 23 AD3d 237 [2005]; *People v Sanford*, 16 AD3d 1082 [2005]). Thus, an upward departure was warranted.

The defendant's remaining contention is without merit. Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.