■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DOWNEY, Appellant. [824 NYS2d 287]—

Order, Supreme Court, New York County (Carol Berkman, J.), entered on or about June 8, 2005, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.

In 1993, defendant was convicted of unlawful imprisonment in the first degree, committed against a four-year-old victim. The order on appeal adjudicated him a sex offender pursuant to Correction Law § 168-a (2) (a) (i), which includes within the category of "sex offenses" certain abduction-related crimes committed against children by persons other than their parents. Defendant argues that the statute is unconstitutional as applied to him, because his crime allegedly lacked any sexual aspect or motive, so that requiring him to register as a sex offender does not serve the interests underlying SORA. We conclude that the statute is, at the very least, constitutional as applied to defendant, and we decline to reach any other constitutional issues. The underlying unlawful imprisonment case clearly had a sexual aspect. Defendant approached a child he did not know, forcibly seized the child from her mother, and kissed the child. There is no other reasonable explanation for defendant's conduct other than a sexual motive. In addition, defendant has two prior convictions for sex crimes.

The record supports the hearing court's finding that defendant should be designated a level three sex offender. The various mitigating factors argued by defendant are outweighed by the danger of future recidivism and do not warrant a downward departure from defendant's presumptive risk level (*see People v Guaman*, 8 AD3d 545 [2004]). Concur—Tom, J.P., Andrias, Saxe, Gonzalez and Sweeny, JJ.