■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAY AGARD, Appellant. [825 NYS2d 761]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Cooperman, J.), dated January 13, 2005, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

"Utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Dexter*, 21 AD3d 403, 404 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see also People v Ventura*, 24 AD3d 527 [2005]). A departure from the presumptive risk level is warranted where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [1997 ed]; *see also People v Abdullah*, 31 AD3d 515 [2006]; *People v Ventura, supra*). There must be clear and convincing evidence of the existence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Inghilleri*, 21 AD3d 404 [2005]; *People v Guaman*, 8 AD3d 545 [2004]; *People v Hampton*, 300 AD2d 641 [2002]).

The Supreme Court providently exercised its discretion in upwardly departing from the presumptive level one designation based upon clear and convincing evidence of aggravating factors not taken into account by the risk assessment instrument and the guidelines (*see People v Ventura, supra*; *People v Dexter*,

*supra).* Santucci, J.P., Goldstein, Skelos and Lifson, JJ., concur.
[*See* 6 Misc 3d 1021(A), 2005 NY Slip Op 50142(U) (2005).]