◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PENSON, Appellant. [834 NYS2d 210]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated January 28, 2005, which, after a hearing to redetermine the defendant's sex offender risk level pursuant to the stipulation of settlement in *Doe v Pataki* (3 F Supp 2d 456 [1998]), designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant is correct that the Supreme Court failed to set

forth the findings of fact and conclusions of law upon which its determination was based, as required by Correction Law § 168-n (3). However, remittitur is not required because the record is sufficient for this Court to make its own findings of fact and conclusions of law (*cf. People v Villane*, 17 AD3d 336 [2005]). We find that the People met their burden of proving by clear and convincing evidence the facts that supported the defendant's adjudication as a level three sex offender (*see* Correction Law § 168-n [3]; *People v Morales*, 33 AD3d 982 [2006]; *People v Dong V. Dao*, 9 AD3d 401 [2004]). Contrary to the defendant's contention, nothing said at or before the hearing indicated that he and the victim were other than "strangers" within the meaning of the Sex Offender Registration Act (*see* Board of Examiners of Sex Offenders, Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006 revisions]; *cf. People v McGraw*, 24 AD3d 525 [2005]). Similarly, his refusal to attend sex offender treatment while incarcerated was not disputed and, in any event, was evidenced by his Department of Correctional Services record. Thus, the defendant was properly assessed points under risk factors 7 and 12 of the risk assessment instrument. In any event, even if the contested points were disallowed, the defendant would remain a presumptive level three sex offender and, at the hearing, the defendant neither argued nor presented evidence that there existed any mitigating factor of a kind or to a degree not otherwise adequately taken into account by the guidelines that would warrant a discretionary downward departure from this presumptive designation (*see People v Guaman*, 8 AD3d 545 [2004]).

The defendant's remaining contentions are unpreserved for appellate review. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.