■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN BURGOS, Appellant. [834 NYS2d 224]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Adler, J.), entered March 22, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is reclassified as a level two sex offender.

Although a court is empowered to exercise its discretion and depart from the presumptive risk level based upon the facts in the record (*see People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]), it has been recognized that "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman, supra,* quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see also People v Agard,* 35 AD3d 568 [2006]; *People v Inghilleri,* 21 AD3d 404 [2005]). Thus, a departure from the presumptive risk level is generally only warranted where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Agard, supra* at 568; *People v Hegazy,* 25 AD3d 675 [2006]; *People v Inghilleri, supra*). There must be clear and convincing evidence of a special circumstances to warrant a departure from the presumptive risk level (*People v Agard, supra; People v Ventura,* 24 AD3d 527 [2005]).

Here, the court departed from the defendant's presumptive risk level based upon its in camera review of medical records in which there were diagnoses that the defendant was suffering

from schizophrenia and a personality disorder. However, neither the medical records nor the evidence submitted at the hearing demonstrated that these disorders "are causally related to any risk of reoffense" (*People v Zehner,* 24 AD3d 826, 827 [2005]; *see* Correction Law § 168-*l* [5] [a] [i]; *People v Perkins,* 35 AD3d 1167 [2006]). Accordingly, the court's upward departure to a level three classification is not supported by clear and convincing evidence of an aggravating factor not adequately taken into account by the risk assessment instrument (*see People v Perkins, supra; People v Zehner, supra*). Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.