■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT CADORETTE, Appellant. [840 NYS2d 367]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated May 20, 2005, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

The defendant, who was convicted following a jury trial of attempted murder in the second degree, attempted rape in the first degree, and sexual abuse in the first degree, argued that the court erred in assigning a presumptive risk level three sex offender designation pursuant to the presumptive override for inflicting serious physical injury (*see* Correction Law art 6-C).

A court, in the exercise of its discretion, may depart from the presumptive risk level determined by the risk assessment instrument based upon the facts in the record (*see People v Guaman*, 8 AD3d 545 [2004]). However, "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Gauman, supra* at 545, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]). "A departure from the presumptive risk level is warranted where 'there exists aggravating or mitigating factors of a kind or to a degree not otherwise taken into account by the guidelines' " (*People v Inghilleri*, 21 AD3d 404, 405-406 [2005], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Mount*, 17 AD3d 714, 715 [2005]; *People v Girup*, 9 AD3d 913 [2004]; *People v Guaman, supra* at 545).

Here, the Supreme Court properly considered the defendant's convictions for attempted murder in the second degree, attempted rape in the first degree, and sexual abuse in the first degree, and properly considered the fact that the defendant slashed the victim's throat from ear to ear, when it invoked the presumptive override for inflicting serious physical injury (*see* Correction Law art 6-C). Thus, although the defendant's total risk factor score of 100 resulted in his presumptive classification as a level two risk pursuant to the Sex Offender Registration Act, the court's determination that the defendant was a

level three risk, based upon the presumptive override for the infliction of serious physical injury, was supported by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Brown*, 302 AD2d 919, 920 [2003]).

The defendant failed to prove any mitigating factor which would warrant a downward departure. Accordingly, the court providently exercised its discretion in designating the defendant a level three sex offender (*see* Correction Law § 168-m). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.