■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT P. COFFEY, Appellant. [846 NYS2d 239]—

Appeal by the defendant from an order of the County Court, Suffolk County (Braslow, J.), dated January 11, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is reclassified as a level two sex offender.

Although a court is empowered to exercise its discretion and depart from the presumptive risk level based upon the facts in the record (*see People v Hines,* 24 AD3d 524, 525 [2005]; *People v Girup,* 9 AD3d 913 [2004]; *People v Guaman,* 8 AD3d 545 [2004]), it has been recognized that "utilization of the risk assessment instrument will generally 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Guaman,* 8 AD3d 545 [2004], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Burgos,* 39 AD3d 520 [2007]; *People v Inghilleri,* 21 AD3d 404 [2005]). A departure from the presumptive risk level is warranted only where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Burgos,* 39 AD3d at 520; *People v Hegazy,* 25 AD3d 675 [2006]; *People v Inghilleri,* 21 AD3d at 404; *People v Guaman,* 8 AD3d 545 [2004]). There must be clear and convincing evidence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Burgos,* 39 AD3d at 520).

Here, the court improperly considered, inter alia, as a factor justifying its upward departure from the defendant's presumptive risk level, a charge that was ultimately dismissed in the underlying criminal action. The court's upward departure to a level three classification, therefore, is not supported by clear and convincing evidence of an aggravating factor not adequately taken into account by the risk assessment instrument (see *People v Burgos,* 39 AD3d at 520; *People v Fuller,* 37 AD3d 689 [2007]; *People v Ruddy,* 31 AD3d 517 [2006]; *People v Hegazy,* 25 AD3d at 675; *People v Inghilleri,* 21 AD3d 404 [2005]; *People v Guaman,* 8 AD3d at 545). Accordingly, the defendant must be reclassified as a level two sex offender. Spolzino, J.P., Krausman, Carni and Dickerson, JJ., concur.