■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS KRAUS, Appellant. [847 NYS2d 142]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Hall, J.), dated November 21, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new determination.

The defendant sexually assaulted his former job counselor. At the hearing pursuant to the Sex Offender Registration Act (hereinafter SORA), the Supreme Court assessed the defendant 20 points under risk factor 7 of the SORA Guidelines because the offense "arose in the context of a professional relationship between the offender and the victim and was an abuse of [that] relationship" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 12 [1997 ed]). The defendant asserts that this assessment was erroneous, and the People now agree. So do we. As the commentary to the SORA Guidelines makes clear, this risk factor is concerned with the abuse of trust attending professional relationships and contemplates the situation where the professional is the offender: "the abuse of a professional relationship [ ] reaches health care providers and others who exploit a professional relationship to victimize those who repose trust in them. A dentist who sexually abuses his

patient while [the patient] is anesthetized would fall squarely in this category" (*id.*). The situation here, where the offender was a former client of the professional, simply is not contemplated by this risk factor.

Without the 20 points assessed for risk factor 7, the defendant's presumptive risk level was level two. And, while the record reveals that the defendant has a history of mental illness, there was no clinical assessment that it was of a kind that "decreases his ability to control impulsive sexual behavior" (*id.* at 17). Thus, there would have been no basis to find that the defendant was a level three offender based on this override in the SORA Guidelines (*see People v Orengo,* 40 AD3d 609 [2007]; *People v Zehner,* 24 AD3d 826, 827 n [2005]).

The record of the SORA hearing indicates that the Supreme Court may have believed that an upward departure was appropriate, but it did not articulate any reasons for such a departure. A departure from the presumptive risk level is generally only warranted where "there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [1997 ed]; *see People v Burgos,* 39 AD3d 520, 520 [2007]). There must be clear and convincing evidence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Burgos,* 39 AD3d at 520; *People v Agard,* 35 AD3d 568 [2006]). Under the unique circumstances of this case, we remit the matter to the Supreme Court, Kings County, for a new determination of the defendant's risk offender level. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.