◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH CHANDLER, Appellant. [853 NYS2d 131]—

Appeal by the defendant from an order of the County Court, Suffolk County (J. Doyle, J.), dated January 31, 2007, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the County Court, Suffolk County, for a reopened hearing and a new determination in accordance herewith.

The defendant, upon a plea of guilty, was convicted of sexual abuse in the first degree. In evaluating the defendant for registration as a sex offender, the New York State Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant as a presumptive level two sex offender based upon a total risk factor score on the risk assessment instrument (hereinafter the RAI) of 75 points. The Board, however, recommended an upward departure from level two to level three. In

the case summary, the Board reported that the defendant, while incarcerated for the instant offense, had been diagnosed by the New York State Department of Corrections, Mental Health Unit (hereinafter the DOCMHU), as suffering from impulse control disorder and mild mental retardation. Thus, the Board concluded that an upward departure was warranted because the defendant "is at an age where his hormones will challenge his intellectual capacity to handle sexual impulses." After a hearing pursuant to the Sex Offender Registration Act (hereinafter SORA), the County Court, relying on the case summary, the presentence investigation report prepared by the Suffolk County Department of Probation dated November 1, 2004 (hereinafter the PSI), and the RAI, designated the defendant a level three sex offender. Notably, however, the PSI also set forth a lengthy psychiatric history of the defendant, which included 1997 diagnoses of various disorders other than those made by the DOCMHU, including, inter alia, attention deficit hyperactivity disorder, dysthmic disorder, borderline intellectual functioning, borderline personality traits, and bipolar disorder. The defendant appeals.

The record of the SORA hearing indicates that the County Court may have believed that an upward departure was appropriate based upon the defendant's mental history, but the court failed to articulate its reasons for such a departure by setting forth "the findings of fact and conclusions of law on which the determinations [were] based" (Correction Law § 168-n [3]; *see People v Villane,* 17 AD3d 336 [2005]). In any event, a departure from the presumptive risk level is generally only warranted where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006 ed] [hereinafter the SORA Guidelines]; *see People v Burgos,* 39 AD3d 520 [2007]). The SORA Guidelines already provide, in the fourth override factor, for an automatic override to a presumptive level three designation where "[t]here has been a *clinical assessment* that the offender has a psychological, physical, or organic *abnormality that decreases his [or her] ability to control impulsive sexual behavior.*" (SORA Guidelines at 3-4, 19 [emphasis added]; *see People v Kraus,* 45 AD3d 826 [2007]; *People v Orengo,* 40 AD3d 609, 610 [2007]; *see also People v Burgos,* 39 AD3d 520, 520-521 [2007].) The SORA Guidelines further note that "the Board chose to require a clinical assessment of an abnormality so that loose language in a pre-sentence report would not become the basis for an override."(*Id.* at 19.)

Here, while the record reveals that the defendant has a his-

tory of mental illness, there was no clinical assessment stating that it was of a kind that "decreases his ability to control impulsive sexual behavior." Thus, on this record, the court's level three designation, in effect, based on the fourth override, was not supported by clear and convincing evidence (*see People v Kraus,* 45 AD3d 826 [2007]; *People v Burgos,* 39 AD3d 520, 520-521 [2007]; *People v Zehner,* 24 AD3d 826, 827 n [2005]; *cf. People v Orengo,* 40 AD3d 609 [2007]). However, given that the diagnosis by the DOCMHU may have constituted some evidence that the impulse control disorder is causally related to a risk of reoffense, we remit the matter to the County Court, Suffolk County, to reopen the SORA hearing for the sole purpose of providing the parties the opportunity to submit evidence regarding the application of the fourth override and for a redetermination of the defendant's risk offender level thereafter. Skelos, J.P., Fisher, Dillon and McCarthy, JJ., concur.