■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIZABETH HILL, Appellant. [857 NYS2d 187]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Chambers, J.), dated December 21, 2005, which, after a hearing, designated her a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People met their burden of proving by clear and convinc-

ing evidence the facts that supported the defendant's adjudication as a level three sex offender (*see* Correction Law § 168-n [3]; *People v Morales*, 33 AD3d 982 [2006]; *People v Dong V. Dao*, 9 AD3d 401 [2004]). Although the Supreme Court failed to set forth the findings of fact and conclusions of law upon which its determination was based, as required by Correction Law § 168-n (3), remittitur is not required because the record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Banks*, 48 AD3d 656 [2008]; *People v Penson*, 38 AD3d 866, 867 [2007]; *cf. People v Villane*, 17 AD3d 336 [2005]).

Contrary to the defendant's contention, the hearing testimony, as well as the case summary submitted by the New York State Board of Examiners of Sex Offenders, provided clear and convincing evidence that aggravating factors existed of a kind or to a degree not otherwise adequately taken into account by the guidelines that would warrant an upward departure, overcoming the point deficit between a level two to a level three (*see People v Burgos*, 39 AD3d 520 [2007]; *People v Fuller*, 37 AD3d 689 [2007]; *People v Hegazy*, 25 AD3d 675 [2006]; *People v Inghilleri*, 21 AD3d 404 [2005]; *People v Guaman*, 8 AD3d 545 [2004]; *see also People v Thompson*, 34 AD3d 661 [2006]). Despite the presumptive level two rating, the court properly departed from the defendant's presumptive risk level based upon the defendant's plea of guilty, during the pendency of this hearing, to sexually abusing her own daughter, as well as the defendant's multiple child victims and her failure to comply with previously imposed sex offender registration requirements. Contrary to the defendant's contentions, none of these factors were already accounted for in the risk assessment instrument and were all properly considered as justification for the upward departure (*see People v Liguori*, 48 AD3d 773 [2008]; *People v Turner*, 45 AD3d 747 [2007], *lv denied* 10 NY3d 704 [2008]; *People v Hands*, 37 AD3d 441 [2007]; *People v Dexter*, 21 AD3d 403 [2005]).

The defendant's remaining contentions are without merit. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.