■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON PARDO, JR., Appellant. [854 NYS2d 899]—Appeal by the defendant from an order of the Supreme Court, Queens County (Hollie, J.), dated November 14, 2006, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Although the Supreme Court failed to set forth "the findings of fact and conclusions of law" upon which its risk assessment determination was made, as required by Correction Law § 168-n (3), this Court may make its own findings of fact and conclusions of law, where, as here, the record is sufficient to do so (*see People v Forney,* 28 AD3d 446 [2006]; *People v Villane,* 17 AD3d 336, 337 [2005]).

The People presented clear and convincing evidence in support of the presumptive level two classification (*see* Correction Law § 168-d [3]; *People v Dubuque,* 35 AD3d 1011 [2006]; *People v Mitchell,* 300 AD2d 377, 378 [2002]). Further, given that generally, the use of the risk assessment instrument results in the proper risk classification, departures from the presumptive risk level are the exception, rather than the rule (*see People v Cadorette,* 41 AD3d 808, 809 [2007]; *People v Guaman,* 8 AD3d 545 [2004]). The appellant failed to present clear and convincing evidence of special circumstances warranting a downward departure from the presumptive level two classification to a level one classification (*see People v Mason,* 35 AD3d 569 [2006]; *People v Davis,* 26 AD3d 364 [2006]). Ritter, J.P., Covello, Angiolillo and McCarthy, JJ., concur.