THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH K. MALLABER, Appellant. [874 NYS2d 340]—

Appeal from an order of the Steuben County Court (Marianne Furfure, J.), entered September 12, 2007. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Following a SORA hearing, defendant was presumptively classified as a level two risk based on a total risk factor score of 85. County Court then determined, however, that an upward departure to a level three risk was warranted based on the testimony of defendant's mental health therapist, who diagnosed defendant as having several psychological disorders.

We reject defendant's contention that the court's upward departure to a level three risk is not supported by clear and convincing evidence because the mental health therapist testified that the psychological disorders of defendant could affect his ability to control his sexual impulses, but he did not testify that they would in fact do so. The mental health therapist testified that defendant suffered from a sexual disorder, not otherwise specified, that the disorder of pedophilia had not been ruled out, that the sexual disorder was at least partially the reason for the maladaptive behavior of defendant, and that his psychological abnormalities could affect his ability to control his sexual impulses. We thus conclude on the record before us that, based on the totality of that testimony, defendant's psychological abnormalities are causally related to any risk of reoffense, and thus that there is clear and convincing evidence of special circumstances to support the court's upward departure from defendant's presumptive risk level (*see generally People v Burgos*, 39 AD3d 520, 521 [2007]; *People v Perkins*, 35 AD3d 1167 [2006]; *People v Zehner*, 24 AD3d 826, 827 [2005]).

In view of our decision, it is unnecessary to address defendant's remaining contention. Present—Scudder, P.J., Hurlbutt, Peradotto and Gorski, JJ.