▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONDON LYONS, Appellant. [900 NYS2d 97]—

Appeal by the defendant from an order of the County Court, Nassau County (Brown, J.), dated August 19, 2005, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated as a level one sex offender.

Although a court is empowered to exercise its discretion and depart from the presumptive risk level based upon facts in the record, it has been recognized that utilization of the risk assessment instrument will generally "result in the proper classification in most cases so that departures will be the exception not the rule" (*People v Coffey*, 45 AD3d 658, 658 [2007], quoting *People v Guaman*, 8 AD3d 545, 545 [2004] [internal quotation marks omitted]; *see People v Burgos*, 39 AD3d 520 [2007]; *People v Inghilleri*, 21 AD3d 404, 405 [2005]). A departure from the presumptive risk level is warranted only where " 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' " (*People v Coffey*, 45 AD3d at 658, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Burgos*, 39 AD3d at 520; *People v Hegazy*, 25 AD3d 675, 676 [2006]; *People v Inghilleri*, 21 AD3d at 405). There must be clear and convincing evidence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Coffey*, 45 AD3d at 658; *People v Burgos*, 39 AD3d 520 [2007]; *People v Inghilleri*, 21 AD3d at 405).

Here, the County Court granted the People's application for an upward departure. However, the County Court failed to set forth the findings of fact and conclusions of law upon which it based its determination (*see* Correction Law § 168-n [3]; *People v Smith*, 11 NY3d 797, 798 [2008]). Remittal is not required, though, as the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Hill*, 50 AD3d 990, 991 [2008]; *People v Banks*, 48 AD3d 656 [2008]; *People v Penson*, 38 AD3d 866, 867 [2007]).

The People contend that they demonstrated by clear and

convincing evidence the existence of an aggravating factor of a kind or to a degree not otherwise adequately taken into account by the guidelines that warranted the upward departure. However, upon our review of the record, we disagree (*see People v Fuller*, 37 AD3d 689 [2007]). Certain circumstances surrounding the defendant's sex offense that the People highlight are adequately taken into account by the guidelines. For example, although the People point out that the defendant placed a knife against the victim's throat and dragged her, the defendant was already assessed 30 points under the "use of violence" risk factor (*cf. People v Abraham*, 39 AD3d 1208, 1209 [2007]). Moreover, we do not view the remaining circumstances highlighted by the People that are not taken into account by the guidelines as being probative of the issue of the defendant's "risk of reoffense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; *see People v Burgos*, 39 AD3d at 521; *cf. People v Cherry*, 60 AD3d 484 [2009]; *People v Mallaber*, 59 AD3d 989, 990 [2009]; *People v Vives*, 57 AD3d 312, 313 [2008]; *People v Buford*, 56 AD3d 381 [2008]; *People v Abraham*, 39 AD3d at 1209; *People v Shattuck*, 37 AD3d 1041, 1041-1042 [2007]).

Accordingly, the County Court should not have granted the People's application for an upward departure, and the defendant must be designated as a level one sex offender. Covello, J.P., Florio, Eng and Chambers, JJ., concur.