■ The People of the State of New York, Respondent, v David Cohen, Appellant. [900 NYS2d 676]—

Appeal by the defendant from an order of the County Court, Rockland County (Alfieri, J.), dated March 5, 2009, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is designated a level one sex offender.

Although a court is empowered to exercise its discretion and depart from the presumptive risk level based upon facts in the

record, it has been recognized that utilization of the risk assessment instrument will generally " 'result in the proper classification in most cases so that departures will be the exception not the rule' " (*People v Coffey*, 45 AD3d 658, 658 [2007], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Burgos*, 39 AD3d 520 [2007]; *People v Inghilleri*, 21 AD3d 404, 405 [2005]). A departure from the presumptive risk level is warranted only where " 'there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines' " (*People v Coffey*, 45 AD3d at 658, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [Nov. 1997]; *see People v Burgos*, 39 AD3d at 520; *People v Hegazy*, 25 AD3d 675, 676 [2006]; *People v Inghilleri*, 21 AD3d at 405). There must be clear and convincing evidence of a special circumstance to warrant a departure from the presumptive risk level (*see People v Coffey*, 45 AD3d at 658; *People v Burgos*, 39 AD3d at 520; *People v Inghilleri*, 21 AD3d at 405).

Here, the record does not contain clear and convincing evidence demonstrating the existence of aggravating factors of a kind or to a degree not otherwise adequately taken into account by the guidelines that would warrant an upward departure (*see People v Fuller*, 37 AD3d 689 [2007]). Certain circumstances surrounding the defendant's sex offenses that the County Court relied upon are adequately taken into account by the guidelines, and the remaining circumstances not taken into account by the guidelines are not probative on the issue of the defendant's "risk of reoffense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; *see People v Lyons*, 72 AD3d 776 [2010]; *People v Burgos*, 39 AD3d at 521).

The defendant's remaining contentions need not be addressed in light of our determination. Skelos, J.P., Santucci, Leventhal and Hall, JJ., concur.