■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP N. RILEY, Appellant. [926 NYS2d 303]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated May 13, 2010, which, after a hearing pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, on the law, without costs or disbursements, and the defendant is redesignated a level two sex offender.

A court has the discretion to depart from the presumptive risk level based upon the facts in the record, but a departure from the presumptive risk level is warranted only where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Kraus*, 45 AD3d 826, 827 [2007]). Further, inasmuch as the risk assessment instrument will generally result in the proper classification, "departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Burgos*, 39 AD3d 520 [2007]; *People v Guaman*, 8 AD3d 545 [2004]). Here, contrary to the County Court's finding, there was no aggravating circumstance not adequately taken into account by the guidelines, so an upward departure was not authorized (*see People v Hegazy*, 25 AD3d 675, 676 [2006]).

Moreover, to the extent that the County Court did not intend to depart from the presumptive risk level, but instead intended to apply the "Mental Abnormality" override, which would itself have classified the defendant presumptively as a level three offender, the record fails to support application of that override. The Sex Offender Registration Act Guidelines provide that ap-

plication of the "Mental Abnormality" override is permissible when "[t]here has been a clinical assessment that the offender has a psychological, physical, or organic abnormality that decreases his ability to control impulsive sexual behavior" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006]; *see People v Martin*, 79 AD3d 717 [2010]). Here, however, there has been no such clinical assessment, and the record does not suggest, much less establish, by the required clear and convincing evidence, that the defendant in fact suffers from such an abnormality (*cf. People v Chandler*, 48 AD3d 770, 771-772 [2008]). Consequently, application of the mental abnormality override was improper (*see* Correction Law § 168-*l* [5] [a] [i]; *People v Kraus*, 45 AD3d at 827; *People v Zehner*, 24 AD3d 826, 827 [2005]). Accordingly, the County Court's classification of the defendant as a level three offender was improper (*see People v Chandler*, 48 AD3d at 771-772; *People v Burgos*, 39 AD3d at 520-521). Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.