THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN M. WYANT, Appellant. [927 NYS2d 196]—

In March 2006, defendant pleaded guilty to attempted rape in the first degree (*see* Penal Law §§ 110.00, 130.35 [1]) in satisfaction of a charge of rape in the first degree stemming from defendant's forcible rape of his 26-year-old girlfriend at the time. Defendant also had a prior youthful offender adjudication following his conviction of attempted sexual abuse in the first degree (*see* Penal Law §§ 110.00, 130.65 [3]) based upon his sexual abuse of his six- and nine-year-old nephews. For his present offense, he was sentenced to a prison term of five years followed by five years of postrelease supervision and, in anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant was presumptively classified as a risk level two sex offender, but an upward departure was recommended. Following a hearing, County Court found that defendant's presumptive risk level was properly scored at risk level two (90 points), but granted the requested upward departure and classified defendant as a risk level three sex offender. Defendant now appeals.

" 'To justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence' " (*People v Wasley*, 73 AD3d 1400, 1400 [2010], quoting *People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008]). Additionally, a prior youthful offender adjudication is properly considered when scoring defendant's criminal history in part II of the RAI (*see People v Stacconi*, 81 AD3d 1046, 1046 [2011]; *People v Dort*, 18 AD3d 23, 26 [2005], *lv denied* 4 NY3d 885 [2005]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 6 n 6 [2006]). Finally, we note that the RAI "will result in the proper classification in most cases so that departures will be the exception—not the rule" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4; *see People v Cohen*, 73 AD3d 1003, 1004 [2010]; *People v Lyons*, 72 AD3d 776, 777 [2010]).

Here the basis advanced by the People and adopted by County Court regarding why defendant's two sex offenses, which were both properly scored in the RAI, should be grounds for an upward departure from the presumptive risk level was "[t]he

fact that this defendant has perpetrated against two distinctly different categories of victim [*sic*], increases (probably doubles) the potential victims who are at risk in the community." When granting a departure, the circumstances relied on by the court must be "probative on the issue of . . . defendant's 'risk of reoffense' " (*People v Cohen*, 73 AD3d at 1004, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5; *see People v Lyons*, 72 AD3d at 777) and, in our view, the basis relied on by County Court fails to adequately support a conclusion that defendant's two sex offenses are probative of defendant's risk of reoffense in a way that is not otherwise adequately taken into account by the RAI. However, our review of the record reveals that an upward departure was recommended by the Board based upon aggravating factors that may not have been sufficiently accounted for in the RAI, including the circumstances underlying his youthful offender adjudication and the escalation of his offending conduct from nonviolent to violent, and that the evidence in the record may support the Board's recommendation. Inasmuch as the court was required to review "the recommendation and any materials submitted by the [B]oard" in making its determination (Correction Law § 168-n [3]), and it appears from its order that it did not sufficiently do so, we will remit the matter to County Court for further proceedings (*see People v Beames*, 71 AD3d 1300, 1301 [2010]; *People v Johnson*, 67 AD3d 1206, 1207 [2009]).

Rose, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Cortland County for further proceedings not inconsistent with this Court's decision.