THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HEZEKIAH MALLOY, Appellant. [933 NYS2d 594]—

"A court has the discretion to depart from the presumptive risk level based upon the facts in the record, but a departure from the presumptive risk level is warranted only where 'there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines' " (*People v Riley*, 85 AD3d 1141, 1141 [2011], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Cohen*, 73 AD3d 1003, 1003-1004 [2010]; *People v Lyons*, 72 AD3d 776 [2010]). "Further, inasmuch as the risk assessment instrument will generally result in the proper classification, 'departures will be the exception—not the rule' " (*People v Riley*, 85 AD3d at 1141, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see People v Cohen*, 73 AD3d at 1004; *People v Lyons*, 72 AD3d at 776). There must be clear and convincing evidence of a special circumstance to war-

rant an upward departure from the presumptive risk level (see *People v Wyatt*, 89 AD3d 112 [2d Dept 2011]; *People v Cohen*, 73 AD3d at 1004; *People v Lyons*, 72 AD3d at 776).

Here, the only factor identified by the Supreme Court in support of its upward departure from the defendant's presumptive risk level two designation was the existence of a report of a child protective services agency of a prior uncharged allegation, which report had been deemed unfounded by the agency. Inasmuch as the report had been deemed unfounded, meaning that no credible evidence supported it (see Social Services Law § 412 [7]), the Supreme Court's upward departure to a level three designation was not supported by clear and convincing evidence of an aggravating factor not adequately taken into account by the risk assessment instrument (see *People v Coffey*, 45 AD3d 658, 659 [2007]; *People v Miranda*, 24 AD3d 909, 911 [2005]). Accordingly, the defendant should have been designated a level two sex offender. Mastro, J.P., Florio, Lott and Cohen, JJ., concur.