■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT A. BOGERT, Appellant. [937 NYS2d 617]—

The risk assessment instrument generally results in a

"presumptive" risk level determination (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006] [hereinafter Guidelines]; *see People v Frosch*, 69 AD3d 699 [2010]; *People v Richardson*, 47 AD3d 905 [2008]). While a court has discretion to depart from the presumptive risk level, a departure is generally the exception, not the rule, and is warranted only where "there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Guidelines at 4; *see People v King*, 74 AD3d 1162, 1163 [2010]; *People v Rios*, 57 AD3d 501, 502 [2008]; *People v Miller*, 48 AD3d 774, 775 [2008]; *People v White*, 25 AD3d 677 [2006]; *People v Inghilleri*, 21 AD3d 404, 406 [2005]). Where the People seek an upward departure, "an appropriate aggravating factor is one which tends to establish a higher likelihood of reoffense or danger to the community" (*People v Wyatt*, 89 AD3d 112, 121 [2011], *lv denied* 18 NY3d 803 [2012]). The People must establish the facts warranting an upward departure by clear and convincing evidence (*see People v Thomas*, 66 AD3d 750 [2009]; *cf. People v Wyatt*, 89 AD3d at 122-123).

Here, even accepting the defendant's contention that the County Court, in upwardly departing from the presumptive risk level two to risk level three, failed to set forth adequate findings of fact and conclusions of law as mandated by Correction Law § 168-n (3), remittal is not required as the record is sufficient for this Court to make its own findings of fact and conclusions of law (*see People v Melzer*, 89 AD3d 1000 [2011]; *People v Vega*, 79 AD3d 718 [2010]; *People v Rodriguez*, 78 AD3d 1140 [2010]; *People v Forney*, 28 AD3d 446 [2006]). In support of their application for an upward departure, the People presented clear and convincing evidence of the existence of aggravating factors, including the defendant's admitted failure to voluntarily comply with a medication regimen to control his mental illness and his professed belief that although the sexual offenses he committed against his daughter were illegal, his conduct was morally proper (*see* Guidelines at 4-5; *People v Wyatt*, 89 AD3d at 121). Accordingly, the County Court providently exercised its discretion in upwardly departing from the presumptive risk level two to risk level three (*see* Correction Law § 168-n [3]; *People v Wyatt*, 89 AD3d at 121).

The defendant's contention that the People failed to provide adequate notice that they might seek an upward departure is unpreserved for appellate review (*see People v Charache*, 9 NY3d 829, 830 [2007]) and, in any event, without merit (*see* Correction Law § 168-n [3]; *People v Thompson*, 31 AD3d 409 [2006]; *People v Hammonds*, 27 AD3d 441 [2006]).

The defendant's remaining contentions are without merit. Balkin, J.P., Leventhal, Belen and Roman, JJ., concur.