■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRACY J. HENRY, Appellant. [938 NYS2d 323]—

"A court has the discretion to depart from the presumptive risk level based upon the facts in the record, but a departure from the presumptive risk level is warranted only where 'there exists an aggravating factor or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] guidelines' " (*People v Riley*, 85 AD3d 1141, 1141 [2011], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]; *see* Correction Law art 6-C; *People v Cohen*, 73 AD3d 1003, 1004 [2010]; *People v Lyons*, 72 AD3d 776 [2010]). There must be clear and convincing evidence of a special circumstance to warrant an upward departure from the presumptive risk level (*see People v Wyatt*, 89 AD3d 112, 120 [2011], *lv denied* 18 NY3d 803 [2012]; *People v Cohen*, 73 AD3d at 1004; *People v Lyons*, 72 AD3d at 776).

Here, the underlying crime involved the defendant and another man kidnapping the victim at gunpoint, handcuffing her, and driving her for hours to a remote location where they took turns raping her before holding her for hours longer in captivity until she jumped into a river to escape. Under the circumstances, contrary to the defendant's contention, the County Court properly determined that there were aggravating factors not adequately taken into account by the SORA guidelines (*see People v Ray*, 86 AD3d 435 [2011]; *People v Rios*, 57 AD3d 501, 502 [2008]; *People v Miller*, 48 AD3d 774, 774-775 [2008]; *People v Joslyn*, 27 AD3d 1033, 1034-1035 [2006]). Upon making such a determination, the County Court providently exercised its discretion in granting the People's application for an upward departure (*see People v Wyatt*, 89 AD3d at 123). Rivera, J.P., Eng, Lott and Sgroi, JJ., concur.