■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERRY KOTLER, Appellant. [999 NYS2d 171]—

Appeal by the defendant from an order of the County Court, Suffolk County (Kahn, J.), dated March 11, 2013, which, upon a decision dated March 8, 2013, made after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. The notice of appeal from the decision dated March 8, 2013, is deemed to be a notice of appeal from the order dated March 11, 2013 (*see* CPLR 5512 [a]).

Ordered that the order is affirmed, without costs or disbursements.

"A court has the discretion to depart from the presumptive risk level based upon the facts in the record, but a departure from the presumptive risk level is warranted only where 'there exists an aggravating or mitigating factor of a kind, or to a

degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] guidelines' " (*People v Riley*, 85 AD3d 1141, 1141 [2011], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; *see* Correction Law art 6-C; *People v Cohen*, 73 AD3d 1003, 1004 [2010]; *People v Lyons*, 72 AD3d 776 [2010]). There must be clear and convincing evidence of a special circumstance to warrant an upward departure from the presumptive risk level (*see People v Wyatt*, 89 AD3d 112, 120 [2011]; *People v Cohen*, 73 AD3d at 1004; *People v Lyons*, 72 AD3d at 776).

Here, the underlying crime involved the defendant impersonating a police officer in order to deceive the victim into stopping her car whereupon he then kidnapped her at knife point, threatened to kill her, drove her to a remote wooded location where he raped her, and thereafter attempted to destroy the physical evidence of his crime. Contrary to the defendant's contention, the County Court properly determined that these circumstances constituted aggravating factors which were not adequately taken into account by the SORA guidelines (*see People v Henry*, 91 AD3d 927 [2012]; *People v Ray*, 86 AD3d 435 [2011]; *People v Rios*, 57 AD3d 501, 502 [2008]; *People v Miller*, 48 AD3d 774, 774-775 [2008]; *see also People v DeDona*, 102 AD3d 58, 59 [2012]). Having made such a determination, and properly finding that the People proved the aggravating factors by clear and convincing evidence, the County Court providently exercised its discretion in granting the People's application for an upward departure (*see People v Wyatt*, 89 AD3d at 123).

The defendant's contention that the People failed to provide adequate notice that they intended to seek an upward departure is unpreserved for appellate review (*see People v Charache*, 9 NY3d 829, 830 [2007]; *People v Bogert*, 91 AD3d 925, 926 [2012]). The defendant's remaining contention is without merit. Mastro, J.P., Chambers, Sgroi and Miller, JJ., concur.