■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR PAVIA, Appellant. [36 NYS3d 725]—

Appeal by the defendant from an order of the Supreme Court,

Richmond County (Collini, J.), dated April 25, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's application, upon the recommendation of the Board of Examiners of Sex Offenders, for an upward departure from the presumptive risk level one designation to risk level two. The People demonstrated, by clear and convincing evidence, that there were aggravating factors not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (see People v Gillotti, 23 NY3d 841, 861 [2014]), particularly the heinous nature of the underlying sex crimes, which included the defendant holding a knife to the victim's throat, inserting the handle of a hair brush into her rectum, and forcing her to eat her own vomit (see People v Shim, 139 AD3d 68, 76-77 [2016]; People v Davis, 130 AD3d 598, 600 [2015]; People v Simmons, 121 AD3d 465, 466 [2014]; People v Guasp, 95 AD3d 608 [2012]; People v Henry, 91 AD3d 927 [2012]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Hall, J.P., Austin, Miller and Maltese, JJ., concur.