People v Washington (2026 NY Slip Op 00101)

People v Washington

2026 NY Slip Op 00101

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 3054/18|Appeal No. 5575|Case No. 2023-01296|

[*1]The People of the State of New York, Respondent,
vJason Washington, Appellant.

Twyla Carter, The Legal Aid Society, New York (Hilary Dowling of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Bridget White of counsel), for respondent.

Order, Supreme Court, New York County (Abraham Clott, J.), entered on or about February 27, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously reversed, on the law, without costs, and the adjudication vacated and replaced with an adjudication of defendant as a level one sex offender.
Defendant's rights were not violated when the court, upon stating that it would consider, sua sponte, an upward departure from the recommendation of the Board and the People, adjourned the hearing to afford him a meaningful opportunity to respond (cf. People v Segura, 136 AD3d 496, 497 [1st Dept 2016], citing People v Wheeler, 59 AD3d 1007 [4th Dept 2009], lv denied 12 NY3d 711 [2009]).
However, the record does not support an upward departure, as it does not provide clear and convincing evidence of an aggravating factor that was not adequately taken into account by the SORA Guidelines. While case law provides that the heinous and violent nature of an underlying sex offense may justify an upward departure, where the "extreme egregiousness of defendant's conduct" is not adequately taken into account by the SORA Guidelines (People v Fultz, 122 AD3d 458, 459 [1st Dept 2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 914 [2015]; People v Sandy, 173 AD3d 915, 916 [2d Dept 2019], lv denied 34 NY3d 903 [2019]), the record here does not support such a finding (see e.g. People v Lyons, 72 AD3d 776, 777 [2d Dept 2010]). As the People concede, the court did not otherwise base the upward departure on an appropriate aggravating factor.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026