In the Matter of MURIEL STURMAN, Doing Business as DU-MONT NURSING HOME, Petitioner, v PUBLIC HEALTH COUN-CIL et al., Respondents.

Third Department, July 14, 1977

*Beldock, Levine & Hoffman (Myron Beldock* and *Kathleen Wresien* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Arthur Patane* and *Ruth Kessler Toch* of counsel), for respondents.

HERLIHY, J. The petitioner held two licenses, one an approval to establish a nursing home and the second a license to act as an administrator. In June of 1975 indictments were filed against the petitioner charging her with the Class E felony of offering a false instrument for filing in the first degree (Penal Law, § 175.35) and the Class D felony of grand larceny in the second degree (Penal Law, § 155.35). These crimes were based upon transactions involving the medicaid reimbursement forms utilized in the nursing home operation.

On December 8, 1975 she pled guilty to one count of the crime of offering a false instrument for filing in the first degree in full satisfaction of all counts of both indictments. While the petitioner equivocated to some extent as to her guilt in offering the guilty plea, she knowingly entered the plea in return for an assurance of no jail term.

Based upon her plea of guilty, the Public Health Council determined to consider revoking the petitioner's "license" (approval) to establish a nursing home. Following notice to the petitioner and a hearing before a hearing officer, the Public Health Council on October 15, 1976 revoked the license by a resolution.

The fact that the petitioner received a certificate of relief from disabilities (Correction Law, art 23), does not prevent the licensing agency, the Public Health Council, from exercising its power to revoke, limit or annul the license (approval) to establish a nursing home (Correction Law, § 701, subd 3). It does not eradicate or expunge the underlying conviction *(Matter of Da Grossa v Goodman,* 72 Misc 2d 806, 809).

Pursuant to the provisions of section 2801-a of the Public Health Law a nursing home (hospital) cannot be established without the approval of the Public Health Council and, among other things, it is specifically directed in subdivision 3 that the council is not to grant an application unless it "is satisfied" as to "the character, competence, and standing in the commu-

nity, of the proposed * * * sponsors * * * or operators". By chapter 736 of the Laws of 1971, paragraph (a) of subdivision 10 was added to section 2801-a of the Public Health Law and it provides:

"The public health council, by a majority vote of its members, shall adopt and amend rules and regulations, to effectuate the provisions and purposes *of this section,* and to provide for the *revocation, limitation or annulment of approvals of establishment."* (Emphasis added.)

Citing section 2801-a of the Public Health Law as statutory authority, section 600.5 (e) of title 10 of the Official Compilation of the Codes, Rules and Regulations (10 NYCRR 600.5 [e]) provides for the revocation of licenses and, as pertinent to this case provides:

"An approval of establishment *may* be revoked * * * by the Public Health Council if the council finds:* * *

"(e) that the established operator has been convicted in a court of competent jurisdiction * * * of a crime." (Emphasis added.)

It is pertinent to note that pursuant to the provisions of section 2897 (subd 2, par [a]) of the Public Health Law the *license* of the petitioner to act as *an administrator* was subject to forfeiture upon her conviction of a felony, but such license could be restored upon application for such relief.

In this proceeding the petitioner contends that the grant of power to the Public Health Council in section 2801-a (subd 10, par [a]) of the Public Health Law is unconstitutional because of a failure to incorporate legislative standards therein. However, the said section 2801-a does enunciate certain standards in subdivision 3 which must be applied in granting a license and these same standards by any reasonable interpretation of the powers granted, including the adoption of rules and regulations, pursuant to section 2801-a would govern as guidelines and standards for the revocation of the prior approval of an establishment, including the limitations inherent in section 2800 of the Public Health Law as they relate to the continuance of a prior approval (cf. *Matter of Levine v Whalen,* 39 NY2d 510, 515). It does not appear that there has been an unconstitutional delegation of power to the council in regard to providing for the revocation of approval of an establishment.

Viewed in a literal manner, it would appear that section

600.5 (e) of title 10 of NYCRR would exceed the implicit statutory guidelines by permitting a revocation simply upon proof of conviction of a "crime" which language would include both misdemeanors and felonies and might factually have no substantial bearing upon the continuation of a prior approval of an establishment. However, since the regulation does not mandate a revocation upon such conviction and is discretionary, we do not find that it authorizes a revocation unless the conviction undermines the standards relating to the original issuance of an approval and in conjunction with the guidelines set forth in section 2800 of the Public Health Law. While section 600.5 of title 10 of NYCRR in its entirety provides that an approval of an establishment *may* be revoked upon certain findings, there is nothing which would tend to make such list exclusive and regardless of the regulations, the power to review and revoke expressly granted in section 2801-a (subd 10, par [a]) of the Public Health Law is sufficient to require that any and all specific ground for revocation be related to the standards for approval.

The petitioner has not established that section 2801-a (subd 10, par [a]) of the Public Health Law is unconstitutional or that 10 NYCRR 600.5 (e) is not in conformity with the statutory authority for revocation.

In this case the hearing officer gave careful consideration to all of the proof including those matters which would relate to the effect of the criminal conviction in terms of the standards which would be applicable in granting an approval for an establishment. We find that the resolution of the Public Health Council incorporates and adopts the hearing officer's report and, since it is supported by substantial evidence, the determination must be confirmed. The remaining contentions of the petitioner relating primarily to due process have been considered but they have no significant merit.

The determination should be confirmed, and petition dismissed, without costs.

SWEENEY, J. P., KANE, MAIN and LARKIN, JJ., concur.

Determination confirmed, and petition dismissed, without costs.