■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN GONZALEZ, Appellant. [852 NYS2d 71]—

Order, Supreme Court, New York County (Bruce Allen, J.), entered on or about April 11, 2006, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.

The court's assessment of 15 points for the risk factor of history of drug or alcohol abuse was supported by clear and convincing evidence. Reliable documentary evidence relating to defendant's incarceration, as well as his own admissions, established that he had been diagnosed as chemically dependent and treated for substance abuse. We reject defendant's argument that this history is excessively remote. Defendant served approximately eight years in prison and had only been at liberty for less than a year at the time of his SORA hearing. Defendant's

abstinence and participation in treatment while he was incarcerated are "not necessarily predictive of his behavior when no longer under such supervision." (*People v Warren*, 42 AD3d 593, 594 [2007], *lv denied* 9 NY3d 810 [2007]; *compare People v Wilbert*, 35 AD3d 1220 [2006]). Defendant did not establish any special circumstances warranting a downward departure from his presumptive risk level (*see People v Guaman*, 8 AD3d 545 [2004]). Concur—Andrias, J.P., Friedman, Sweeny and Moskowitz, JJ.