■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY COX, Appellant. [861 NYS2d 474]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Walsh, J.), dated July 27, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court's designation of the defendant as a level three sex offender under the Sex Offender Registration Act was supported by clear and convincing evidence (*see* Correction Law art 6-C; *People v Dong V. Dao*, 9 AD3d 401, 401-402 [2004]). Contrary to the defendant's contention, the court properly assessed him 15 points under risk factor 11 for a history of drug abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *People v Gonzalez*, 48 AD3d 284 [2008]). In addition, there is no merit to the defendant's contention that, because he had obtained a certificate of relief from civil disabilities in connection with his conviction of a prior misdemeanor sex crime, he was improperly assessed points for that conviction under risk factor 9 (*see* Correction Law § 701; *see generally Able Cycle Engines v Allstate Ins. Co.*, 84 AD2d 140 [1981]; *Matter of Sturman v Public Health Council*, 58 AD2d 389 [1977], *affd* 47 NY2d 837 [1979]; *see also Peluso v Smith*, 142 Misc 2d 642 [1989]; *cf. People v Campbell*, 98 AD3d 5 [2012]). In addition, there is no merit to the defendant's contention that he was entitled to a downward departure from the presumptive risk level (*see People v Wyatt*, 89 AD3d 112 [2011]).

Consequently, the determination of the Supreme Court to uphold the 150 points which the Board ascribed to the defendant in the risk assessment instrument, and to designate the

defendant a level three offender, should not be disturbed (*see People v Pardo*, 50 AD3d 992 [2008]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.