Appeal by the defendant from an order of the Supreme Court, Kings County (Walsh, J.), dated July 27, 2009, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
The Supreme Court’s designation of the defendant as a level three sex offender under the Sex Offender Registration Act was supported by clear and convincing evidence (see Correction Law art 6-C; People v Dong V. Dao, 9 AD3d 401, 401-402 [2004]). Contrary to the defendant’s contention, the court properly assessed him 15 points under risk factor 11 for a history of drug abuse (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; People v Gonzalez, 48 AD3d 284 [2008]). In addition, there is no merit to the defendant’s contention that, because he had obtained a certificate of relief from civil disabilities in connection with his conviction of a prior misdemeanor sex crime, he was improperly assessed points for that conviction under risk factor 9 (see Correction Law § 701; see generally Able Cycle Engines v Allstate Ins. Co., 84 AD2d 140 [1981]; Matter of Sturman v Public Health Council, 58 AD2d 389 [1977], affd 47 NY2d 837 [1979]; see also Peluso v Smith, 142 Misc 2d 642 [1989]; cf. People v Campbell, 98 AD3d 5 [2012]). In addition, there is no merit to the defendant’s contention that he xyas entitled to a downward departure from the presumptive risk level (see People v Wyatt, 89 AD3d 112 [2011]).
Consequently, the determination of the Supreme Court to uphold the 150 points which the Board ascribed to the defendant in the risk assessment instrument, and to designate the *867 defendant a level three offender, should not be disturbed (see People v Pardo, 50 AD3d 992 [2008]). Balkin, J.P., Lott, Austin and Sgroi, JJ., concur.