Order, Supreme Court, New York County (Cassandra M. Mullen, J.), entered on or about November 15, 2010, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (SORA; Correction Law art 6-C), unanimously affirmed, without costs.
Defendant, who seeks to have his sex offender status under SORA reduced from a level three to a level two, argues that 15 points were improperly assessed against him for “a history of drug or alcohol abuse” on the ground that he abstained from alcohol use while incarcerated for a crime he admittedly committed while he was drunk. Alternatively, he argues that the SORA court failed to take into consideration his unblemished record while incarcerated and other positive attributes which warranted a downward departure classifying him as only a moderate risk of re-offense or threat to the public.
This appeal was brought before the recent Court of Appeals *502 decision in People v Palmer (20 NY3d 373, 378-379 [2013]) which held that “only alcohol abusers should be . . . assessed a higher point level under the SORA Guidelines, as opposed to occasional, moderate social drinkers.” Defendant, however, makes it clear that the distinctions regarding alcohol use and abuse in that decision have no bearing in this case, nor do they apply to reduce his SORA assessment.
In assessing a sex offender’s danger to the community, and therefore, its recommendation to the court hearing a SORA application, the Board of Examiners of Sex Offenders (BOSE) must consider 15 statutory factors, applying them in accordance with the risk assessment guidelines developed to assess an individual applicant’s risk of a repeat offense (Correction Law § 168-Z [5]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [2006]). The evaluation is made using a risk assessment instrument (RAI), identifying each factor which, if applicable, is assigned a numerical value. If a particular factor is not applicable, it is assessed at zero. The values are then tallied, resulting in a recommended risk assessment which is considered as presumptively correct at the SORA hearing before the court (see People v Ratcliff, 107 AD3d 476 [1st Dept 2013]).
One of the factors BOSE considers is “whether the sex offender’s conduct was found to be characterized by repetitive and compulsive behavior, associated with drugs or alcohol” (Correction Law § 168-Z [5] [a] [ii]). The guidelines clarify that if the individual has a history of drug or alcohol abuse “or was abusing drugs and or alcohol at the time of the offense,” 15 points will be assessed in that category (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]). Pursuant to the guidelines, BOSE or the court may choose to score zero points in this category, if the drug and/or alcohol abuse is “in the distant past, but [the defendant’s] more recent history is one of prolonged abstinence” (id.).
Since defendant admittedly committed his crime while intoxicated, this alone supports the 15 point assessment made against him in this category (see People v Birch, 99 AD3d 422 [1st Dept 2012]). Thus the issue turns on whether his prolonged abstinence from alcohol use, while incarcerated, provides a basis for a 15 point reduction in this category. We find that it does not.
We have consistently held that even when alcohol use in the commission of the crime is remote in time, and the defendant has abstained from alcohol use for a prolonged period while incarcerated, such remoteness and abstinence are unreliable *503 predictors of the risk for re-offense postrelease, or to the threat posed by the sex offender to public safety (see Birch, 99 AD3d at 423, citing People v Gonzalez, 48 AD3d 284, 285 [1st Dept 2008], lv denied 10 NY3d 711 [2008]). Here, defendant, who was incarcerated for 22 years and has been at liberty only for a relatively short period of time, has not shown that his adherence to the regimen, routine and requirements of prison life have any bearing on what his behavior will be now that he is no longer under such supervision (see People v Gonzalez, 48 AD3d at 285). Accordingly, the points for alcohol abuse were properly assessed and the SORA court correctly rejected defendant’s argument that his abstinence shows he is at a lowered risk for a repeat offense.
The SORA court also providently exercised its discretion in denying defendant’s application for a discretionary downward departure to a level two based upon claims that he had an exemplary record while incarcerated, has shown remorse for his crime, and is now a productive member of society (see People v Cintron, 12 NY3d 60, 70 [2009], cert denied 558 US 1011 [2009]; People v Johnson, 11 NY3d 416, 418, 421 [2008]). The record shows that defendant’s good behavior was accounted for under the RAI. Factors which otherwise would have required the assignment of numerical values had he engaged in unsatisfactory conduct while incarcerated, were assessed at “zero” (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; compare People v Perez, 104 AD3d 403 [1st Dept 2013], lv denied 21 NY3d 858 [2013]). In other words, because of defendant’s good behavior in prison, there were no additional points imposed for an increased “potential for sexual recidivism” (People v Salley, 67 AD3d 525, 526 [1st Dept 2009], lv denied 14 NY3d 703 [2010]).
We emphasize that a SORA risk-level determination is not an extended form of punishment for the sex crime committed, but a collateral consequence of the conviction intended to protect the public at large from the possibility of future crime (People v Gravino, 14 NY3d 546 [2010]). A departure from a sex offender’s presumptive risk level is generally warranted only where “there exists an aggravating or mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see People v Johnson, 11 NY3d 416, 421 [2008]; People v Martinez-Guzman, 109 AD3d 462 [2d Dept 2013], lv denied 22 NY3d 854, [2013]). Although defendant’s exemplary conduct in prison and his cooperation with prison authorities during a crisis are com *504 mendable, there is no evidence that this conduct further reduces his risk of re-offense below what is otherwise identified by the RAI. Concur — Sweeny, J.R, Moskowitz, Richter, DeGrasse and Gische, JJ.