■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ELIAS MCFARLAND, Respondent. [992 NYS2d 414]—

Order, Supreme Court, New York County (Daniel P. Conviser, J.), entered on or about June 21, 2012, which granted defendant's Correction Law § 168-*o* (2) petition and modified his sex offender classification from a level three sexually violent offender to level two, unanimously reversed, on the law, without costs, the petition denied, and defendant's original classification reinstated.

While we recognize that a court has discretion to grant a modification of a sex offender classification, the court improvidently exercised such discretion in this case. Defendant failed to meet his burden under Correction Law § 168-*o* (2) of presenting clear and convincing evidence that a downward modification of his risk level is warranted.

Defendant's apparent sobriety while incarcerated and during the first 17 months after his release to parole supervision was not a reliable predictor of his risk for reoffense, or of the threat

he poses to public safety, in light of his extensive history of alcohol abuse and prior parole violations for alcohol-related offenses (see People v Watson, 112 AD3d 501, 502-503 [1st Dept 2013], lv denied 22 NY3d 863 [2014]; People v Gonzalez, 48 AD3d 284, 285 [1st Dept 2008], lv denied 10 NY3d 711 [2008]). Defendant's age (76 years) at the time of his release was not a reliable factor in determining his risk of reoffending, notwithstanding actuarial evidence, since defendant committed his most recent sex offense (a violent attack on an 86-year-old woman) at the age of 68 (see People v Harrison, 74 AD3d 688 [1st Dept 2010], lv denied 15 NY3d 711 [2010]). Furthermore, defendant's relationship with his wife was not sufficiently shown to be a mitigating factor since he was married to, and living with, his wife in 2002 when he committed his most recent sex offense. The impact that defendant's level three designation had on his ability to reside with his wife at the senior citizen housing facility they shared before his most recent conviction had no bearing on defendant's risk of a repeat offense or the threat he posed to the public safety (see Correction Law § 168-l [5]).

The remaining factors considered by the court involved matters already adequately taken into consideration by the guidelines, and thus did not warrant a departure from the presumptive risk level. Moreover, defendant expressly stated in his petition that he was not challenging the point assessment and presumptive risk level determination made by the court at his original classification hearing. Concur—Mazzarelli, J.P., Renwick, Andrias, Richter and Feinman, JJ. 