The People of the State of New York, Respondent,
against
Alexander Rosario, Defendant-Appellant.



Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Jennifer G. Schecter, J.), entered October 3, 2011, which, after a hearing, adjudicated him a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law Art. 6-C).




Per Curiam.
Order (Jennifer G. Schecter, J.), entered October 3, 2011, affirmed.
The record supports the level three sex offender adjudication. Defendant is subject to the presumptive override for a prior felony sex crime conviction, which results in a level three offender adjudication independent of any point assessment (see People v Fair, 129 AD3d 617 [2015], lv denied 26 NY3d 910 [2015]; People v Judd, 29 AD3d 431 [2006], lv denied 7 NY3d 709 [2006]). Defendant's age, 67 years at the time of the hearing, does not warrant a downward departure, given that defendant committed his most recent sex offense at the age of 66 and his prior felony sex crime at age 60 (see People v McFarland, 120 AD3d 1121, 1122 [2014], lv denied 24 NY3d 1053 [2014]; People v Beyah, 76 AD3d 917 [2010], lv denied 15 NY3d 716 [2010]). The impact that defendant's level three designation had on his placement in a treatment program had no bearing on defendant's risk of a repeat offense or the threat he posed to the public safety (see Correction Law § 168-l[5]; People v McFarland, 120 AD3d at 1122).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: January 13, 2017