People v Kennedy (2018 NY Slip Op 02348)





People v Kennedy


2018 NY Slip Op 02348


Decided on April 4, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-03747

[*1]People of State of New York, respondent,
v Tyshawn Kennedy, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Athea H. Bruffee, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Elizabeth Foley, J.), dated March 21, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Contrary to the defendant's contention, the Supreme Court properly assessed 10 points under risk factor 12 for his failure to accept responsibility for his criminal conduct. The defendant's post-plea statement to the Probation Department in which he denied his guilt and claimed that he only pleaded guilty to avoid a trial provided clear and convincing evidence that the defendant had not genuinely accepted responsibility for his conduct (see People v Alvarez, 153 AD3d 645, 645-646; People v Ramos, 147 AD3d 1090, 1090-1091; People v Murphy, 68 AD3d 832, 833).
Further, contrary to the defendant's contention, the Supreme Court properly assessed 30 points under risk factor 9 for the commission of a prior violent felony based upon his youthful offender adjudication (see People v Francis, 137 AD3d 91, 97, affd _____ NY3d_____, 2018 NY Slip Op 01017 [2018]). The Risk Assessment Guidelines developed by the Board of Examiners of Sex Offenders "expressly provide that youthful offender adjudications are to be treated as crimes' for purposes of assessing the defendant's likelihood of re-offending and danger to public safety" (People v Moore, 1 AD3d 421, 421; see Sex Offender Registration Act [hereinafter SORA]: Risk Assessment Guidelines and Commentary at 6-7 [2006] [hereinafter Guidelines]; People v Francis, 137 AD3d at 97).
Moreover, the Supreme Court properly denied the defendant's request for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841; see also Guidelines at 4). "At that point, the SORA court may exercise its discretion to grant or deny the departure application based upon an examination of all circumstances relevant to the offender's risk of reoffense and danger to the community" (People v Wyatt, 89 AD3d at 128). Here, the defendant failed to identify a [*2]mitigating factor that is otherwise not adequately taken into account by the Guidelines (see People v Wyatt, 89 AD3d at 128; see also People v Watson, 112 AD3d 501, 503). In particular, the defendant failed to establish that his response to sex offender treatment was "exceptional" (People v Washington, 84 AD3d 910, 911; see Guidelines at 17).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
RIVERA, J.P., ROMAN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court