People v Alvarado (2019 NY Slip Op 04735)





People v Alvarado


2019 NY Slip Op 04735


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-07992

[*1]People of State of New York, respondent, 
v
Jorge A. Alvarado, appellant. Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.


Timothy D. Sini, District Attorney, Riverhead, NY (Edward A. Bannan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated May 24, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree (Penal Law § 130.65[4]), based upon his admitted sexual contact with an 11-year-old child who had been left under his care and supervision. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the defendant was designated a level two sex offender based on the assessment of a total of 80 points on the risk assessment instrument (hereinafter RAI). On appeal, the defendant challenges the assessment of points under risk factor 11 and the denial of his request for a downward departure.
In establishing an offender's risk level pursuant to SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]). Correction Law § 168-l(5)(a) sets forth certain criminal history factors that are indicative of a "high risk of repeat offense," including whether the sex offender's conduct was found to be characterized by compulsive behavior associated with alcohol (see Correction Law § 168-l[5][a][ii]). Risk factor 11 of the RAI assesses 15 points to an offender who "has a history of drug or alcohol abuse" (SORA: Risk Assessment Guidelines and Commentary [hereinafter Guidelines], risk factor 11 [2006]). The commentary to the SORA Guidelines describes that points should be assessed under this category where, among other possibilities, the offender "was abusing . . . alcohol at the time of the offense" (Guidelines at 15; see People v Palmer, 20 NY3d 373, 378). The People can establish that an offender was abusing alcohol at the time of the offense by demonstrating with clear and convincing evidence that the offender used alcohol in excess either at the time of the crime or repeatedly in the past (see People v Palmer, 20 NY3d at 378; People v Perry, 165 AD3d 990).
Here, the People presented evidence at the SORA hearing that when the victim reported the crime, she described how the defendant had been drinking a lot of beer prior to the offense. In addition, in his admissions to the Department of Probation, the defendant described how he was "drunk" at the time that he committed the offense. Contrary to the defendant's contention, [*2]the People established by clear and convincing evidence that the assessment of 15 points was warranted under risk factor 11 (see People v Watson, 112 AD3d 501, 502). The defendant's total of 80 points was within the level two range.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to establish the existence of an appropriate mitigating factor that would establish a lower likelihood of reoffense or danger to the community. That he may have abstained from the use of alcohol while incarcerated does not constitute a mitigating factor since it does not provide a sufficient basis for predicting the defendant's behavior after release (see People v Watson, 112 AD3d 503; People v Birch, 99 AD3d 422, 423). Likewise, the defendant's mere enrollment in a treatment program is not a sufficient basis for predicting the defendant's postrelease behavior.
Accordingly, we agree with the County Court's determination designating the defendant a level two sex offender.
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court