People v Gonzalez (2022 NY Slip Op 00052)





People v Gonzalez


2022 NY Slip Op 00052


Decided on January 06, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 06, 2022

Before: Kern, J.P., Mazzarelli, Gesmer, González, Higgitt, JJ. 


Ind No. 2097/16 Appeal No. 14985 Case No. 2018-2456 

[*1]The People of the State of New York, Respondent,
v
Arcadio Gonzalez, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorca Morello of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.



Order, Supreme Court, New York County (Ellen N. Biben, J.), entered on or about September 29, 2017, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-c), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). The assessment of points under the risk factor for release without supervision was not an overassessment, because the lack of any supervision may enhance the risk of reoffense, and the fact that the absence of parole or postrelease supervision resulted from defendant's negotiated plea and one-year sentence does not show a diminished risk of reoffense. Defendant has not established that such factors as his age (45), family support and participation in a treatment program reduced his risk of reoffense to an extent warranting a downward departure (see e.g. People v Brown, 181 AD3d 421 [1st Dept 2020], lv denied 35 NY3d 912 [2020]; People v Stuckey, 174 AD3d 454 [1st Dept 2019]; People v McFarland, 120 AD3d 1121, 1122 [1st Dept 2014], lv denied 24 NY3d 1053 [2014]). Furthermore, in denying a downward departure, the court appropriately considered the seriousness of the underlying attempted rape, in which defendant demonstrated a desire to engage in sexual intercourse with a person he believed to be a 14-year-old child, but was actually an undercover officer (see People v Macchia, 126 AD3d 458, 461 [1st Dept 2015], lv denied 25 NY3d 910 [2015]). Finally, the court also considered the fact that defendant sent nude photos of himself to his intended victim, and defendant's challenges to this evidence are unpreserved and without merit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 6, 2022