People v Mills (2023 NY Slip Op 05336)

People v Mills

2023 NY Slip Op 05336

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Ind No. 2984/11 Appeal No. 824 Case No. 2019-1872 

[*1]The People of the State of New York, Respondent,
v
Lameek N. Mills, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Ashley A. Baxter of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Oliver Lee of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 4, 2019, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion when it declined to grant defendant's request for a downward departure to level one (People v Gillotti, 23 NY3d 841, 861 [2014]). The serious nature of defendant's crime, which involved the rape of a stranger, outweighs any mitigating factors because the egregiousness of defendant's crime indicates a risk that reoffense would cause serious harm (see People v Roldan, 140 AD3d 411 [1st Dept 2016], lv denied 28 NY3d 904 [2016]).
The risk assessment instrument adequately accounted for defendant's completion of sex offender treatment, his acceptance of responsibility for his actions, and his educational achievements while in prison (see People v Roman, 198 AD3d 425, 426 [1st Dept 2021]; People v Palmer, 166 AD3d 536, 537 [1st Dept 2018], lv denied 32 NY3d 919 [2019]). Moreover, because defendant was living with his family at the time of his offense, he failed to demonstrate that his familial support was a mitigating factor warranting a downward departure (see People v McFarland, 120 AD3d 1121, 1122 [1st Dept 2014], lv denied 24 NY3d 1053 [2014]).
Defendant's contention that the People improperly relied on matters outside the record is unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023