People v Jones (2024 NY Slip Op 24115)

[*1]

People v Jones (Barron)

2024 NY Slip Op 24115

Decided on April 15, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on April 15, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Perez, JJ.

570471/19

The People of the State of New York, Respondent,
against
Barron Jones, Defendant-Appellant.

Defendant appeals from an order of the Criminal Court of the City of New York, New York County (Heidi C. Cesare, J.), entered April 22, 2019, which, after a hearing, adjudicated him a level two sex offender under the Sex Offender Registration Act ("SORA") (Correction Law Art 6-c).

Per Curiam.
Order (Heidi C. Cesare, J.), entered April 22, 2019, reversed, on the law, without costs, and the matter remitted for further proceedings in accordance herewith. The court's point assessment for defendant's history of substance abuse was supported by clear and convincing evidence, including defendant's multiple prior drug convictions (see People v Wilkens, 33 AD3d 399 [2006], lv denied 8 NY3d 801 [2007]), and his treatment for substance abuse (see People v Gonzalez, 48 AD3d 284 [2008], lv denied 10 NY3d 711 [2008]).
However, the court should not have assessed 10 points under risk factor 12 for failure to accept responsibility. Defendant's denials of guilt were made at the time his appeal from his underlying conviction was pending. Requiring defendant to accept responsibility could potentially result in his admissions being used against him in any retrial, violating his Fifth Amendment right against self-incrimination (see People v Williams, 223 AD3d 628 [2024]; People v Krull, 208 AD3d 163 [2022], appeal dismissed 39 NY3d 1093 [2023]). Accordingly, defendant should have been assessed 70 points, rendering him a presumptive risk level one offender. Because this erroneous point assessment affected the People's decision to not argue for an upward departure at the SORA hearing, the People are entitled to seek an upward departure on remand (see People v Weber, 40 NY3d 206 [2023]; People v Reynoso, __ AD3d __, 2024 NY Slip Op 00463 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 15, 2024