People v Feldmeth (2024 NY Slip Op 04529)

People v Feldmeth

2024 NY Slip Op 04529

Decided on September 24, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 24, 2024

Before: Singh, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Ind. No. 2754/18 Appeal No. 2591 Case No. 2020-01095 

[*1]The People of the State of New York, Respondent,
v
David Feldmeth, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Order, Supreme Court, New York County (Steven M. Statsinger, J.), entered on or about December 10, 2019, which adjudicated defendant a level two predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly assessed points under the risk factor for a history of substance abuse, given defendant's admission to daily use of marijuana and his prior drug-related convictions (see People v Diaz, 220 AD3d 467, 467 [1st Dept 2023], lv denied 41 NY3d 904 [2024]; People v Parks, 216 AD3d 462, 462 [1st Dept 2023]). Defendant's contention that his marijuana use was for medical purposes is unsupported by the record.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant has not established that his physical condition would minimize his risk of reoffending, particularly given that his condition did not prevent him from committing the underlying and a prior similar crime (see People v Sudderth, 171 AD3d 593 [1st Dept 2019], lv denied 33 NY3d 913 [2019]; People v Rodriguez, 101 AD3d 630 [1st Dept 2012], lv denied 21 NY3d 851 [2013]). Defendant was already confined to a wheelchair when he committed the offenses, and had in fact exploited his disability in both instances, when he approached the victims under the guise of needing assistance and then committing the sexual misconduct as they aided him. The impact that a risk level two adjudication has on defendant's eligibility to remain at the nursing home where he resides and receives medical care does not qualify as a mitigating circumstance, as it has no bearing on his risk of reoffense or the threat he poses to public safety (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024]; People v McFarland, 120 AD3d 1121, 1122 [1st Dept 2014], lv denied 24 NY3d 1053 [2014]). Further, defendant committed the underlying crime after having been adjudicated risk level one sex offender in connection with the prior offense (see People v Delgado, 130 AD3d 484, 485 [1st Dept 2015], lv denied 26 NY3d 909 [2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 24, 2024