People v Gonzalez (2025 NY Slip Op 02943)

People v Gonzalez

2025 NY Slip Op 02943

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-12437

[*1]The People of the State of New York, respondent,
v
Isidro Gonzalez, appellant.

Patricia Pazner, New York, NY (Anna V. Boksenbaum of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Alexander Jeong, J.), dated November 14, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][a]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 105 points on the risk assessment instrument, rendering him a presumptive level two sex offender. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, most of the alleged mitigating factors identified by the defendant, including his criminal history, vocational achievements while incarcerated, expression of remorse, and acceptance of responsibility, were adequately taken into account by the Guidelines (see Guidelines at 4; People v Skipper, 235 AD3d 671, 672; People v Laskaris, 231 AD3d 1173, 1174; People v Rocano-Quintuna, 149 AD3d 1114, 1115; People v Maldonado, 147 AD3d 798).
While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response to such treatment is "exceptional" (Guidelines at 17), the [*2]defendant failed to demonstrate by a preponderance of the evidence that his "'response to treatment, while positive, was exceptional'" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted], quoting People v Smith, 194 AD3d 767, 768). Further, the defendant failed to establish that his response to substance abuse treatment was exceptional (see People v Skipper, 235 AD3d at 672; People v Gonsales, 203 AD3d 760, 761).
Moreover, while "[a]n offender's rehabilitation as evidenced by the totality of the record may, under some circumstances, constitute a proper mitigating factor for a downward departure," the defendant did not prove by a preponderance of the evidence the facts in support of this alleged mitigating factor (People v Santogual, 157 AD3d 737, 738; see People v Coleman, 225 AD3d at 795). Furthermore, the fact that the defendant may have abstained from the use of alcohol or drugs while incarcerated does not constitute a mitigating factor, since it does not provide a sufficient basis for predicting the defendant's behavior after release (see People v Alvarado, 173 AD3d 909, 910; People v Watson, 112 AD3d 501, 502-503).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court